# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., et al., | Case No. 2:17-CV-3010 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MIDWEST INDUSTRIAL SUPPLY COMPANY, et al., | |
| Defendant(s). | |

Presently before the court is defendants Midwest Industrial Supply Company and Alliance Automotive, LLC's (collectively "defendants") unopposed motion to extend time. (ECF No. 80).

Also before the court is plaintiffs Hyundai Motor America, Inc. and Hyundai Motor Company's (collectively "plaintiffs") motion to seal. (ECF No. 79).

Defendants request seven additional days to file a response to plaintiffs' motion for attorney's fees because their lead counsel, Jonathan D. Jay, was addressing emergency family matters when plaintiffs filed their motion. (ECF No. 80). Good cause appearing, the court will grant defendants' motion to extend time.

Plaintiffs request that the court seal exhibits C, E, I, J, K, L, and M of Kenneth E. Keller's declaration in support of plaintiffs' motion for attorney's fees. (ECF No. 79). Plaintiffs argue that the court should seal these documents because they contain confidential and proprietary business information. *Id.* The court agrees.

The public has a general right to inspect judicial records and documents. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "access to judicial

**James C. Mahan**
**U.S. District Judge**

records is not absolute." *Id*. The Ninth Circuit has identified two types of documents that are "not subject to the right of public access . . . because the records have 'traditionally been kept secret for important policy reasons.'" *Id.* (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). These two types of documents are "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.*

For all other documents, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). A litigant can overcome this presumption by articulating "compelling reasons" that outweigh the history and public policy in favor of disclosure. *Kamakana*, 447 F.3d at 1178–79. Compelling reasons exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

The relevant exhibits include various documents containing confidential and proprietary business information. *See* (ECF No. 79). Granting access to such documents would necessarily result in the improper release of private information. Moreover, the court has already designated these documents as highly confidential under a protective order. *See* (ECF No. 42). Thus, because there are compelling reasons to prevent disclosure and the court has already sealed these documents in discovery, the court will grant plaintiffs' motion. *See Kamakana*, 447 F.3d at 1180 (holding that the good cause standard for protective orders is sufficient for non-disclosure).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to extend time (ECF No. 80) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to seal (ECF No. 79) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant shall have until May 23, 2019, to file a response to plaintiffs' motion for attorney's fees.

**James C. Mahan**
**U.S. District Judge**

1     IT IS FURTHER ORDERED that the clerk shall seal exhibits C, E, I, J, K, L, and M of Kenneth E. Keller's declaration (ECF Nos. 77-36, 77-38, 77-42, 77-43, 77-44, 77-45, 77-46).

3     DATED May 10, 2019.

                                               /s/ James C. Mahan
                                          UNITED STATES DISTRICT JUDGE