# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MIDWEST INDUSTRIAL SUPPLY COMPANY, <br><br> Defendant. | Case No. 2:17-cv-03010-JCM-GWF <br><br> **ORDER** |

This matter is before the Court on Defendants Midwest Industrial Supply Company and Alliance Automotive's Motion to Seal (ECF No. 94), filed on May 23, 2019. Also before the Court is Plaintiffs' Motion to Seal (ECF No. 118), filed on May 30, 2019.

## **BACKGROUND**

Defendants request permission to file under seal the unredacted declaration of Hans Sundgaard, the unredacted declaration of Jonathan D. Jay ("Jay Declaration") and certain exhibits attached to such declaration, Exhibit 1 to the declaration of David M. Hallman, Exhibits 1 and 2 to the declaration of Robert C. Triulzi, and the unredacted memorandum in opposition to Plaintiff's motion for attorney's fees and costs. Defendants represent that such filings contain confidential and proprietary information designated as confidential or for "attorney's eyes only" pursuant to the parties' stipulated protective order. Further, Defendants represent that the Jay Declaration contains confidential settlement discussions.

Plaintiffs request permission to file under seal (1) the unredacted Supplemental Declaration of Kenneth E. Keller in Support of Hyundai Motor America, Inc. and Hyundai Motor Company's Motion for Attorneys' Fees and Costs (the "Keller Declaration") and Exhibit A thereto; (2) the unredacted Supplemental Declaration of David Goodloe (the "Goodloe Declaration") and Exhibit 1 thereto; (3) the unredacted Declaration of Olga Alsua (the "Alsua Declaration") and Exhibit A

1

1 thereto; (3) the unredacted Declaration of Frank Ferrara (the "Ferrara Declaration") filed concurrently herewith and Exhibit A thereto; (4) Exhibits A, B, C, D, and E to the Declaration of Eric Sim (the "Sim Declaration"); (5) the unredacted Objections to Declarations in Opposition to Plaintiffs' Motion for Attorneys' Fees (the "Objections to Declarations"); and (6) the unredacted Reply in support of Motion for Attorneys' Fees and Costs (the "Reply"). Plaintiffs represent that the above documents contain confidential, sensitive and non-public information and is designated as confidential under the parties' stipulated protective order. Both Plaintiffs and Defendants request sealing under the good cause standard.

## **DISCUSSION**

The Ninth Circuit comprehensively examined the presumption of public access to judicial files and records in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). There, the court recognized that different interests are at stake in preserving the secrecy of materials produced during discovery and materials attached to dispositive motions. The *Kamakana* court held that a "good cause" showing is sufficient to seal documents produced during discovery. *Id.* at 1180. However, the *Kamakana* decision also held that a showing of "compelling reasons" is needed to support the secrecy of documents attached to dispositive motions. The reason for the difference between the two standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 678 (9th Cir. 2010).

The Ninth Circuit recognized in *Foltz v. State Farm Mut. Auto Ins. Co.* that "[t]here are good reasons to distinguish between dispositive and nondispositive motions," as while discovery-related motions are often unrelated to the merits of a case, "[t]he same cannot be said for materials attached to a summary judgment motion because 'summary judgment adjudicates substantive rights and serves as a substitute for trial.' " 331 F.3d at 1135–36. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016). "When using the words 'dispositive' and 'nondispositive,' we do not believe our court intended for these descriptions to morph into mechanical classifications. Rather, these descriptive terms are indicative of when a certain test

1 should apply." *Ctr. for Auto Safety*, 809 F.3d at 1098. The focus is on whether the motion at issue is more than tangentially related to the underlying cause of action. *Id.*

In *In Re Anthem, Inc. Data Breach Litigation*, the court granted, in part, and denied, in part, the plaintiffs' administrative motions to file under seal portions of documents submitted in support of their post-judgment motion for attorney's fees and litigation expenses. *See* 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018). The categories of material to be sealed related to rates paid for services of contract attorneys and staff attorneys and portions of billing entries that contain information covered by the attorney client privilege and the work product doctrine. *Id.* The court applied the good cause standard because the issues in the attorneys' fees motion were "only tangentially related" to the merits of the case. *Id.* (citing *Ctr. for Auto Safety*, 809 F.3d at 1099).

In *Crusher Designs, LLC v. Atlas Copco PowerCrusher GmbH*, the court denied defendants' motion to seal its post judgment motion for attorney's fees without prejudice for failing to satisfy the compelling reasons standard. *See* 2015 WL 5116842, at *2 (D. Nev. Aug. 31, 2015). Although the court expressed no opinion as to whether the good cause or compelling reason standard was applicable, the defendants set forth its motion to seal under the compelling reasons standard. *Id.* at *2, n. 1. The court assumed for purposes of its order that the compelling reasons standard applied and stated "[d]efendants have cited no authority regarding the standard applicable to a post-judgment motion for attorneys' fees brought pursuant to Federal Rule of Civil Procedure 54(d)(2). The Court does note, however, that Defendants' assumption appears to be supported by that rule itself. See Fed.R.Civ.P. 54(d)(2)(D) (the district judge 'may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter')." *Id.*

Here, Plaintiffs' motion for attorney's fees and costs (ECF No. 77) requests an award of attorney's fees as a prevailing party pursuant to the Nevada Deceptive Trade Practices Act ("DTPA") and the Lanham Act. Plaintiffs represent that it is entitled to an award of fees under the DTPA if it was harmed by Defendants deceptive trade practices and prevailed in its claims. Plaintiffs are entitled to attorney's fees under the Lanham Act in exceptional cases that involve willful infringement and bad faith litigation tactics. Plaintiffs' motion for attorney's fees and costs is more than tangentially related to the merits of its claims. The Court finds that the parties have

3

not provided compelling reasons and, therefore, denies their motions to seal without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Midwest Industrial Supply Company and Alliance Automotive's Motion to Seal (ECF No. 94) is **denied**, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal (ECF No. 118) is **denied**, without prejudice.

**IT IS FURTHER ORDERED** that the subject documents shall remain sealed. The parties may file renewed motions to seal no later than **June 17, 2019**.

Dated this 6th day of June, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE