UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HYUNDAI MOTOR AMERICA, INC., et al., | Case No. 2:17-CV-3010 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| MIDWEST INDUSTRIAL SUPPLY COMPANY, et al., | |
| Defendant(s). | |

Presently before the court is defendants Midwest Industrial Supply Company and Alliance Automotive, LLC's (collectively "defendants") motion for leave to file surreply. (ECF No. 122).

Also before the court is defendants renewed motion to seal. (ECF No. 123).

Also before the court is plaintiffs Hyundai Motor America, Inc. and Hyundai Motor Company's (collectively "plaintiffs") motion to seal. (ECF Nos. 124, 125).

**I. Surreply**

On March 13, 2019, the parties filed a notice of settlement which resolved all claims in this litigation. (ECF No. 56). The notice also provided that the offer of judgment "is not to be construed either as an admission that Defendants are liable in this action or that Plaintiffs . . . have suffered damages." *Id*.

On April 18, 2019, the court entered judgement and plaintiffs subsequently filed a motion for attorney's fees. (ECF Nos. 75, 77, 78). Defendants filed a response (ECF No. 96), to which plaintiffs replied (ECF No. 116). The reply includes new evidence regarding alleged material differences between Hyundai's parts and the Mobis parts that defendants sold. Defendants

James C. Mahan
U.S. District Judge

request leave to file surreply so they can adequately address this new evidence. (ECF No. 122). Good cause appearing, the court will grant defendants' motion.

**II. Seal**

The public has a general right to inspect judicial records and documents. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "access to judicial records is not absolute." *Id*. The Ninth Circuit has identified two types of documents that are "not subject to the right of public access . . . because the records have 'traditionally been kept secret for important policy reasons.'" *Id.* (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). These two types of documents are "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Id.*

For all other documents, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citation omitted). A litigant can overcome this presumption by articulating "compelling reasons" that outweigh the history and public policy in favor of disclosure. *Kamakana*, 447 F.3d at 1178–79. Compelling reasons exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Defendants argue that the court should redact and seal certain lines from paragraphs 44, 45, and 46 of Hans Sundgaard's declaration (ECF No. 109). (ECF No. 123). Further, plaintiffs argue that the court should seal the following:

(1) Kenneth E. Keller's supplemental declaration and exhibit A thereto (ECF Nos. 119-13, 119-14);
(2) David Goodloe's supplemental declaration and exhibit 1 thereto (ECF Nos. 119-1, 119-2);
(3) exhibit D to Eric Sim's declaration (ECF No. 119-7);
(4) objections to declarations (ECF No. 120);
(5) plaintiffs' reply in support of their motion for attorney's fees (ECF No. 119);
(6) Jason E. Erb's declaration (ECF No. 125-3);
(7) exhibits 1 and 2 of Robert C. Triulzi's declaration (ECF Nos. 106-1, 106-2);

James C. Mahan
U.S. District Judge

- 2 -

(8) exhibits 30, 36, and 37 of Jonathan D. Jay's declaration (ECF Nos. 113-30, 113-36, 113-37);

(9) exhibit 1 to David M. Hallman's declaration (ECF No. 98-1); and

(10) various portions of defendants' response to plaintiffs' motion for attorney's fees (ECF No. 95).

These documents and exhibits contain proprietary business information. The relevant portions of Hans Sungaard's declaration identify defendants' confidential sales records and profits in paragraphs 44, 45, and 46. (ECF No. 109). The remaining documents and exhibits that plaintiffs request to seal also contain proprietary information pertaining to sales records, non-public information from a government agency, engineering specifications, confidential contracts, testimony on sealed exhibits, identification manuals, and discussions of sealed expert reports. *See* (ECF Nos. 95, 98-1, 106-1, 106-2, 113-30, 113-36, 113-37, 119, 119-1, 119-2, 119-7, 119-13, 119-14, 120, 125-3). There are compelling reasons to seal these documents because their public disclosure would result in the "release of trade secrets." *Foltz*, 331 F.3d at 1179.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for leave to file surreply (ECF No. 122) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants shall have seven (7) days from the date of this order to file a surreply not to exceed eight (8) pages.

IT IS FURTHER ORDERED that defendants motion to seal (ECF No. 123) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion to seal (ECF Nos. 124, 125) be, and the same hereby is, GRANTED.

DATED June 20, 2019.

_____
UNITED STATES DISTRICT JUDGE